UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH BELL,

                Plaintiff,

-vs-                                              Case No. 5:04-cv-50-Oc-10GRJ

GEORGIA-PACIFIC CORPORATION,

                Defendant.
_____

## O R D E R

This case is before the Court for consideration of Defendant Georgia-Pacific Corporation's "Motion for Costs and Attorneys' Fees" (Doc. 47) and Plaintiff Kenneth Bell's response (Doc. 53).[1] The Plaintiff sued the Defendant, his former employer, under Florida's Whistleblower's Act, § 448.102(3), Florida Statutes, and Workers' Compensation Law, § 440.205, Florida. Statutes. By its Order dated May 17, 2005, the Court granted summary judgment in favor of the Defendant on all of the Plaintiff's claims (Doc. 45), and judgment was entered the next day. The Defendant then timely filed the instant motion, supporting documentation, and a bill of costs (Docs. 48, 49, & 51). The Clerk taxed costs in favor of the Defendant in the amount of $2,410.86 (Doc. 52) pursuant to Fed. R. Civ. P. 54(d)(1), and the Plaintiff raised no objections to the bill of costs.

---

[1] The Defendant has also filed a motion for leave to file a reply (Doc. 55). No reply is necessary, and the motion is DENIED.

The Defendant seeks an award of $94,888.50 in attorneys' fees relating to its successful defense of the Plaintiff's whistleblower claim. Attorneys' fees may be awarded to the prevailing party in a whistleblower action under § 448.102. See § 448.104, Fla. Stat. ("A court may award reasonable attorney's fees, court costs, and expenses to the prevailing party."). An award of attorneys' fees is not automatic and is left to the discretion of the district court. However, a prevailing defendant is not required to show that the plaintiff's case was frivolous to be awarded its attorneys' fees. The one Florida state court to have considered the issue in a reported decision rejected the invitation to apply Title VII's standard for awarding fees and declined to require that a plaintiff's action be "frivolous, unreasonable, or without foundation" before attorneys' fees may be awarded to the prevailing defendant under § 448.104.[2] Yet, that same court exercised its discretion and denied the request for appellate attorneys' fees in favor of the defendant in part because the plaintiff's arguments on appeal were not frivolous. Therefore, although it is not the law that a prevailing defendant may only receive attorneys' fees under § 448.104 when the plaintiff's case is frivolous, the lack of frivolity in the plaintiff's action may be a factor to consider in the court's exercise of its discretion.

The Court concludes that the Defendant is not entitled to an award of attorneys' fees in this case. The Plaintiff's whistleblower's claim was not frivolous, and in light of the

---

[2] New World Communications of Tampa, Inc. v. Akre, 866 So. 2d 1231, 1235 (Fla. 2nd DCA 2003). Two federal courts have also so held. Gamb v. Hilton Hotels Corp., No. 95-466-Civ-Orl-19, 1997 WL 893874 at *2 (M.D. Fla. Sept. 26 1997); McGregor v. Bd. of County Comm'rs, 130 F.R.D. 464 (S.D. Fla. 1990).

obvious gross disparity of resources between the Plaintiff and the Defendant an award of the fees in the magnitude sought by the Defendant could have an unwarranted "chilling" affect upon other worthy individual claimants.  The whistleblower's statute establishes Florida's public policy in favor of promoting the disclosure of wrongdoing and the protection of those who make such disclosures, and while an award of fees to a prevailing Defendant is authorized by the statute, the same statute preserves the Court's discretion to withhold such awards when the granting of fees could be a disservice to the remedial purpose of the statute itself. Accordingly, the motion for attorneys' fees (Doc. 47) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 6th day of July, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record